IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DAVID E. SCHLONS, Register No. 1005180, )
)
                   Plaintiff, )
)
                v. )    No. 07-4256-CV-C-SOW
)
OLAN SALZER, et al., )
)
                 Defendants. )

**REPORT AND RECOMMENDATION**

      Plaintiff David Schlons filed suit under 42 U.S.C. § 1983 and the Federal Tort Claims Act alleging defendants violated his constitutional and statutory rights when they confiscated and destroyed his religious property, and disciplined him for assault. Officers believed the confiscated books had thumb prints made with human blood, which they came into contact with when they were searching his cell. Causing a person to come into contact with another person's body fluids/blood is a rule violation. Plaintiff denies the thumb prints were made with blood.

      Plaintiff seeks compensation for the loss of his property and for religious persecution. Defendants Cassady, Dormire, Wood and Salzer have filed motions to dismiss for plaintiff's failure to state a claim against them. Plaintiff responded in opposition to dismissal and defendants replied.[1]

      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and the grounds on which it rests. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

---

      [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegation must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Fed. R. Civ. P. 12 (b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005).

In light of this standard, plaintiff's claims against defendants alleging violations of the Federal Tort Claims Act will be recommended dismissed. That Act waives sovereign immunity for some claims brought against the United States for acts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b). It does not apply to acts by state employees; and the United States is not a party to this action. Therefore, plaintiff has not stated a cognizable claim against these defendants under the Federal Tort Claims Act.

Defendants next seek dismissal of the claims against defendant Dormire. They assert plaintiff has set forth no facts showing the personal involvement of Dormire in the events giving rise to this lawsuit, and he cannot be held liable under a respondeat superior theory. In response, plaintiff states defendant Dormire approved and modified the disciplinary action by the hearing staff. Dormire's involvement is shown on the Disciplinary Action Report submitted with plaintiff's complaint. To the extent Dormire was involved in the disciplinary action, and plaintiff claims the action improperly infringed upon his First Amendment rights, plaintiff has stated a claim and should be permitted to proceed.

2

Defendants also seek dismissal because (1) plaintiff has not set forth sufficient facts showing a causal connection between plaintiff's religion and the actions taken, and (2) defendants' conduct was reasonably related to legitimate penological interests. Plaintiff responds that he is registered with the Department of Corrections as a Wiccan and that one of the defendants characterized his books as occult. He claims this bias against his religion resulted in the accusation that the thumb prints were made from human blood and it was the "blood" accusation that defendants used to justify confiscating the property and placing him in administrative segregation.

Accepting his allegations as true, at this stage of the proceedings, plaintiff has stated a First Amendment claim and should be permitted to proceed on this issue.

Defendants' assertion that their conduct was based upon legitimate penological interests is best addressed at a later stage of the proceedings, such as in a motion for summary judgment with supporting affidavits or other admissible evidence.

In his response to the motion, plaintiff raises a new due process claim in which he claims he should have been afforded an attorney, shown proof of the facts, and given his Miranda rights. The issue of whether Miranda [v. State of Arizona, 384 U.S. 436, 479 (1966)] warnings are required in prison disciplinary proceedings was addressed by the United States Supreme Court in Baxter v. Palmigiano, 425 U.S. 308 (1976). In Baxter, the Court stated:

> Neither Miranda nor Mathis [v. United States, 391 U.S. 1 (1968)] has any substantial bearing on the question whether counsel must be provided at "[p]rison disciplinary hearings [which] are not part of a criminal prosecution." The court has never held, and we decline to do so now, that the requirements of those cases must be met to render pretrial statements admissible in other than criminal cases.

Id., 425 U.S. at 315 (citations omitted). See also Coleman v. Turner, 838 F.2d 1004 (8th Cir. 1988). Due process does not require that plaintiff be afforded Miranda warnings or counsel at prison disciplinary proceedings which are not part of a criminal prosecution.

Further, to establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse

3

change in their confinement.  Sandin v. Connor, 515 U.S. 472, 478 (1995).  If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause.  Montayne v. Haymes, 427 U.S. 236, 242 (1976).  See also Hewitt v. Helms, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population).  Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence."  Sandin, 515 U.S. at 485.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation.  Id. 515 U.S. at 481-82.  Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life.  Id. at 485.

It has been consistently held that administrative segregation, even without cause, is not itself an atypical and significant hardship.  Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).  Plaintiff has provided no allegations or information that indicate his assignment to administrative segregation resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life.  Accordingly, plaintiff has failed to identify a liberty interest to sustain his due process claims with regard to his assignment to segregation and his claims should be dismissed for failure to state a claim.  Portley El v. Brill, 288 F.3d 1063, 1065-66 (8th Cir. 2001).

Likewise, plaintiff's due process claim with respect to the confiscation of his property should be dismissed.  Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages.  Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990).  Plaintiffs can sue in circuit court for replevin

under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. Ct. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. Ct. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. Ct. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 1996).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West Supp. 1996). This statute gives state judges the discretion to waive costs and fees for indigent parties.

The court does not read plaintiff's complaint to include state law tort claims, but notes defendants' assertion that if plaintiff has raised such claims, they are entitled to dismissal on the basis of official immunity. Plaintiff did not respond to this issue, and therefore, does not appear to oppose dismissal of state tort claims, if pled.

For these reasons, it is

RECOMMENDED that plaintiff's claims under the Federal Tort Claims Act be dismissed for failure to state a claim. It is further

RECOMMENDED that plaintiff's newly asserted due process claims be dismissed for failure to state a claim. It is further

RECOMMENDED that plaintiff's state law tort claims, if pled, be dismissed for failure to state a claim. It is further

RECOMMENDED that defendants' motions to dismiss plaintiff's claims against defendant Dormire and to dismiss plaintiff's First Amendment claims be denied. [14, 16]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus,

5

additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

      Dated this 19th day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge